IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEENA BEAUREGARD,

       Plaintiff,      Case No. 3:07 CV 1740

 -vs-

                <u>MEMORANDUM OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

KATZ, J.

  This matter is before the Court on Plaintiff Deena Beauregard's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. 30). Defendant Commissioner of Social Security has "no objection to Plaintiff's Application for Attorney Fees." (Doc. 31).

**I. Background**

  In the underlying action in this case, Plaintiff sought judicial review of the final decision of the Commissioner finding that Plaintiff was not disabled and not entitled to Supplemental Social Security Income benefits. This Court reversed Commissioner's decision because the ALJ "failed to discuss the nebulizer altogether." (Doc. 28 at 8, 9). Plaintiff testified that she must use a nebulizer 4-6 times per day, each use taking fifteen minutes. The vocational expert had testified that, given such a limitation, Plaintiff would not be able to work.

  Plaintiff then filed this motion for attorney's fees pursuant to the EAJA, which provides that: "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Through this motion, counsel for Plaintiff seeks payment of $4,389.00 in fees for work performed. More specifically, Plaintiff's attorneys seek payment for 26.40 hours at a rate of $166.25 per hour. Plaintiff filed a schedule of services with this motion which outlines the specific work performed and the time attributed to each task.

## II. Discussion

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, Plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if it is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

Here, Defendant Commissioner "has no objection to Plaintiff's application for Attorney Fees." (Doc. 31). Nonetheless, Plaintiff argues that Commissioner was not substantially justified because although Plaintiff testified that she uses a nebulizer 4-6 times per day, the ALJ completely failed to discuss the nebulizer. The Court agrees with Plaintiff that the ALJ's failure to raise this issue was unreasonable.

With respect to establishing reasonable attorney fees, the EAJA provides that:

The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Citing the Bureau of Labor Statistics, Plaintiff states that the increase in cost of living from 1996, when the $125 rate was established, to 2007, the year when the earliest services were performed in this matter, is 1.33. *See* Bureau of Labor Statistics, http://data.bls.gov, series ID: CUUR0000SA0. Multiplying 1.33 by the 1996 cap of $125 per hour yields $166.25 per hour.

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the prevailing market rate is greater than the statutory ceiling ($125 per hour), then Court must determine whether it should adjust the hourly rate upward from the ceiling to take into account an increase the cost of living or a special factor. *See e.g., Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). In determining the market rate, courts are required to examine standard fees in the relevant community. *Id.* at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). In *Begley v. Secretary of Health & Human Servs*., 966 F.2d 196, 200 (6th Cir. 1992), the Sixth Circuit directed "district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation."

Here, Plaintiff requests a cost of living increase for services that Plaintiff began to perform in 2007, eleven years after the $125 cap was established. The Court concludes that such an increase is appropriate, given the prevailing market rate, the nature of the case, and the increase in the cost of living since 1996. *See E.W. Grobbel Sons, Inc. v. N.L.R.B.,* 176 F.3d 875, 880 (6th

3

Cir.1999); *The Meadows v. Commissioner of Social Security*, 2009 WL 412687 (S.D. Ohio Feb., 17, 2009) (finding a 2007 $168.28 hourly fee reasonable). Here, Plaintiff has not requested a rate based upon any "special factor." Accordingly, this Court does not address the "special factor" inquiry.

With regard to the 24.60 hours of time that was spent on this case, the Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the advocacy of this matter. (*See* Doc. 30 at Attachment A). Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA.

**III. Conclusion**

For the reasons stated above, Plaintiff's motion for attorneys' fees is granted. (Doc. 30). Plaintiff's counsel is awarded attorney fees of $4,389.00.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE